[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE RULING ON DEFENDANTS' CHOWDHURY AND 5C'S MOTION FOR CONTEMPT
Defendant Taufiqul and 5C's Corporation move this court to hold Attorney John Timbers, counsel for plaintiff CFM, in contempt of court for his refusal to pay court-ordered attorney's fees in the amount of $13,251, exclusive of interest. Attorney Timbers' obligation to pay these fees arises out of Judge Susco's order of August 31, 1990 imposing sanctions of $10,000, and Judge Miano's order of November 13, 1990, imposing sanctions of $3,251.
This history of this case is set forth in this court's March 15, 1993 Memorandum of Decision which is incorporated by reference. The following additional facts are relevant to defendants' Motion.
Judge Susco's Order.
On August 17, 1990, Chowdhury and 5C's moved that sanctions be imposed against Attorney Timbers and his client CFM for bad faith pleading. On August 31, 1990, the Court, Susco, J., granted without opinion defendants' motion, ordering CFM and Timbers personally to pay $10,000 to Chowdhury. No hearing was held in support of defendants' motion. On December 31, 1990, Judge Susco ordered that payment be made by February 28, 1991. To date Attorney Timbers has neither complied with Judge Susco's order nor CT Page 3079-C appealed it.
Judge Miano's Order.
On August 3, 1990, CFM, through Attorney Timbers, filed, "Plaintiff's Motion (1) For Recusal; or alternatively, (2) For Disqualification; or (3) A Mistrial." This motion was referred to Judge Miano who, after hearing, denied it on August 15, 1990. In his written opinion of November 13, 1990, in which he set forth his findings of fact and conclusions of law with respect to his earlier ruling, Judge Miano ordered that Attorney Timbers pay defendants' attorney's fees in the amount of $3,251. Attorney Timbers was directed to pay those fees by December 31, 1990. On December 26, 1990 Timbers requested a stay of Judge Miano's order; that motion was denied by Judge M. Hennessey on December 31, 1990. On January 2, 1991, Timbers moved to vacate and reargue Judge Miano's order, claiming lack of notice and denial of his right to a hearing. In response, Judge Miano conducted hearings on defendants' motion for sanctions on April 15 and 17, 1991. Attorney Timbers was present and participated in those hearings. In his June 12, 1991 Memorandum of Decision, Judge Miano reaffirmed his order of November 13, 1990, directing that "[s]aid fees are to be paid to defendants forthwith." Those fees have not been paid, nor has Judge Miano's order been appealed.
By motion dated January 27, 1992, defendants seek to have Attorney Timbers found in contempt of court for failing to pay the fees imposed by Judges Susco and Miano. Oral argument was presented in connection with this motion on July 23, 1992.
Judge Susco's order of August 31, 1990 directing Attorney Timbers to pay $10,000 in attorney's fees is vacated. Fattibene v. Kealey, 18 Conn. App. 344 (1989).
Attorney Timbers is directed to appear at a hearing before this Court on March 30, 1993 at 2:00 p.m. to show cause why he should not be held in contempt of court for refusing to comply with Judge Miano's order of November 13, 1990. Cologne v. Westfarms Associates, 197 Conn. 141 (1985).
SO ORDERED.
Holzberg, J. CT Page 3079-D